UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 23-CR-81

TOREY D. ROBINSON,

        Defendant.

**PLEA AGREEMENT**

    1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Alexander E. Duros, Assistant United States Attorney, and the defendant, Torey D. Robinson, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

**CHARGES**

    2.     The defendant has been charged in a one-count indictment which alleges a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

    3.     The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

    4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

THE GRAND JURY CHARGES THAT:

1.    On or about April 10, 2023, in the State and Eastern District of Wisconsin,

**TOREY D. ROBINSON,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2.    The firearm and ammunition are more fully described as:

    a. a Diamondback Firearms DB-15 rifle bearing serial number DB1838407;

    b. .223 Remington 55 grain Full Metal Jacket rounds;

    c. Winchester .45 caliber automatic rounds;

    d. G.F.L. .380 automatic rounds; and

    e. PMC 9mm Luger rounds.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

5.    The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

    On April 10, 2023, at approximately 2:15 a.m., Robinson approached officers with the Appleton Police Department as they were conducting an unrelated traffic stop. He asked the officers if they had "level four plates," which officers interpreted as body armor that would protect them from rifle or handgun rounds. During the traffic stop, Robinson circled the block and acted suspiciously.

    Less than one hour later, officers with the Appleton Police Department were dispatched to a report of gunshots. Officers recalled the suspicious interaction with Robinson, who resided on North Leminwah Street, City of Appleton, Eastern

District of Wisconsin. Robinson's residence was located near the reported location of gunshots.

Believing that Robinson was involved, officers set up a perimeter around his residence. During this time, Robinson was observed exiting the residence holding a rifle. He pointed the rifle in the air and fired multiple shots. The Appleton Police Department SWAT team and a negotiator responded to the scene. After a standoff that lasted over five hours, Robinson was taken into custody. Spent shell casings were located near the location where Robinson fired shots into the air.

Robinson lived close to downtown Appleton in a busy residential neighborhood. Several streets were blocked off and neighbors were ordered to shelter in place for several hours.

Officers searched Robinson's residence pursuant to a search warrant and located various unfired ammunition and a Diamondback Firearms DB-15 Rifle bearing serial number DB1838407. The firearm and ammunition were manufactured outside the State of Wisconsin. Officers also located small amounts of cocaine and rolled up $1 bills.

Robinson is a convicted felon and is therefore prohibited from possessing firearms. Specifically, he was convicted of Substantial Battery, a class I felony, in Winnebago County case number 14CF118 on October 7, 2014.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

### PENALTIES

6. The parties understand and agree that the defendant may be sentenced to a maximum term of imprisonment of 15 years, a maximum fine of $250,000, a mandatory special assessment of $100, and a maximum of 3 years supervised release.

### ELEMENTS

7. The parties understand and agree that in order to sustain the charge of Felon in Possession of a Firearm, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

3

Second, at the time of the possession, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;

Third, at the time of the possession, the defendant knew he had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and

Fourth, the firearm had been shipped or transported in interstate or foreign commerce before the defendant received it.

## SENTENCING PROVISIONS

8. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

4

## Rule 11(c)(1)(C)

12. The parties enter into this plea agreement pursuant to Rule 11(c)(1)(C). If the Court accepts this plea agreement, the defendant will receive a sentence within the range set forth in paragraph 19. If the Court rejects this plea agreement, the defendant will have the opportunity to withdraw his plea of guilty and proceed to trial, as provided under Rule 11(d)(2)(A).

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range, subject to the constraints of Rule 11(c)(1)(C). The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement, subject to the constraints of Rule 11(c)(1)(C).

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the indictment is 22 under Sentencing Guidelines Manual § 2K2.1(a)(4)(A).

### Specific Offense Characteristics

16. The defendant acknowledges and understands that the government will argue to the sentencing court that a four-level increase under Sentencing Guidelines Manual § 2K2.1(b)(6)(B) is applicable to the offense level for the offense charged in Count Six because he possessed a firearm in connection with another felony offense. Specifically, the defendant possessed a firearm in connection with the crime of Second Degree Recklessly Endangering Safety, a Class G felony, in violation if Wis. Stat. § 941.30(2).

### Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range, including the following: the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

19. Pursuant to Rule 11(c)(1)(C), both the government and the defendant agree that, after consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the appropriate sentence to be imposed in this case is 60 months imprisonment.

## Court's Determinations at Sentencing

20. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court, subject to the constraints of Rule 11(c)(1)(C).

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

23. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form

provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Fine

24. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

8

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

27. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above, subject to the constraints of Rule 11(c)(1)(C). The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

30. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

31. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case. The parties further acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

32. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charge filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

33. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 7-12-23

TOREY D. ROBINSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 7/12/23

KRISTA HALLA-VALDES
Attorney for Defendant

For the United States of America:

Date: 7/13/2023

GREGORY J. HAANSTAD
United States Attorney

Date: 7/13/2023

ALEXANDER E. DUROS
Assistant United States Attorney

11